JOSEFINA FABIÁN DE LOZANA, Plaintiff and Appellee, *v.* PEDRO RODRÍGUEZ, Defendant and Appellant; SWIGGETT, INC., ET AL., Defendants. SAME *v.* SAME; JUAN J. R. FUERTES and ABELARDO CASANOVA PRATS, Appellants.

No. 7760 and 7761.   Argued June 6, 1938.—Decided July 12, 1938.

*Angel N. Parra* for appellant Rodríguez.   *A. Casanova Prats* and *Juan R. Fuertes, pro se.   J. Sifre* and *O. J. Antonsanti* for Swiggett, Inc.   *Damián Monserrat, Jr.,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On March 8 last, Josefina Fabián de Lozana, owner of a building located at 19 San Justo Street, San Juan, brought an action of unlawful detainer against the occupants of the same namely, Swiggett Incorporated, Juan R. Fuertes, Abelardo Casanova Prats, Roberto C. Barbosa, Marie Lefranc Plá, and Pedro Rodríguez, alleging that on June 5, 1933, she leased the building to Swiggett Incorporated at a rental of $600 a month for the remainder of the year and $700 a month thereafter to the expiration of the contract on February 15, 1938, the rent to be paid monthly as accrued; that Swiggett took possession of the entire building and as tenant sublet different parts of the same to the other defendants, subject

to the principal contract; that when the latter had expired and the defendants were requested to vacate the property, they did not do so, for which reason she was resorting to the courts for a judgment ordering the ouster in accordance with law.

The defendants Fuertes, Casanova, Barbosa, Lefranc, and Rodríguez answered the complaint denying its allegations and alleging as special defenses that the complaint was not sufficient, that it was ambiguous, unintelligible and uncertain, that there was an improper joinder of parties defendant and also of actions, that there was no cause of action and that if there was any contract between the plaintiff and the defendants, such a contract had been renewed tacitly.

The defendant Rodríguez filed a separate answer in which he alleged that his relations with Swiggett were always those of lessee and lessor, that he learned that Swiggett was not the owner of the building on February 15, 1938, when he told him that the contract had expired; that he is a third party in relation to the contract between Swiggett and the plaintiff, and that after the expiration of the contract the parties kept it in force.

The district court rendered judgment for the plaintiff on April 9, 1938, upon the pleadings and the evidence, and the defendants were notified of the same on the 19th of that month. The defendants Fuertes and Casanova appealed on the 25th, notifying the clerk and the plaintiff.

The defendant Rodríguez moved for a reconsideration of the judgment, and his motion was denied on April 27, and on May 4 following he appealed from the judgment and from the denial of the reconsideration. .

The record also shows that in order to perfect their appeal, Fuertes and Casanova furnished a bond which was attacked by the plaintiff and held null and void by the court on May 12, 1938.

On May 11 and 13 last the plaintiff filed two motions, the first to dismiss the appeal taken by the defendant Rodrí-

guez and the second to dismiss the appeal taken by the defendants Fuertes and Casanova. The motions were set for hearing and were heard on June 6, 1938, and only the plaintiff appeared. Three days before the defendant Rodríguez had filed a written opposition.

The motions to dismiss are based on several grounds.

■ The ground of frivolousness, common to both appeals, although it seems apparent cannot be considered and decided definitely because the transcript of the evidence on which the court decided the case has not been sent up to this court.

■ The record before us clearly establishes, however, that the appeal taken by defendants Fuertes and Casanova failed at its very basis when the bond furnished to perfect it was declared null and void. This is a sufficient ground to dismiss it. See *Pol* v. *District Court*, 48 P.R.R. 367, and *Suau* v. *Pol,* 51 P.R.R. 431, in the latter of which it is said:

"It is the duty of appellant to furnish within said period a sufficient bond. If the bond when attacked is held to be good, it remains effective; if it is held to be invalid, it becomes nonexistent, and a new term can not be allowed to furnish another in its place, which is what in fact was decided by the case of *Figueroa et al.* v. *Sepúlveda,* 24 P.R.R. 645, . . . ."

■■ The record also clearly establishes that this court has no jurisdiction to entertain the other appeal taken by the defendant Rodríguez because it was filed too late. As we have said, the judgment was rendered on April 9 and notice sent on April 19. The notice of appeal was not filed until May 4 following, that is, long after the five days which the law—section 630 of the Civil Code, 1933 ed.—allows, and the motion for reconsideration could not have the effect of interrupting the term because it was simply denied. See *Las Monjas Racing Corporation* v. *Insular Racing Commission,* 52 P.R.R. 432. This is aside from the fact that Rodríguez did not furnish the bond required by law.

For these reasons, there being no need to consider and pass on the other grounds adduced, the motions must prosper

and as a consequence the two appeals taken from the judgment of ouster of April 9, 1938, must be dismissed.